STATE OF CONNECTICUT *v.* WILLIAM B. SCHROFF III
(3017)

HULL, BARALL and PURTILL, Js.

Argued February 22—decision released May 7, 1985

*John J. Buckley,* for the appellant (defendant).

*Guy W. Wolf III,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PURTILL, J. The defendant, William B. Schroff III, appeals from his conviction, after a trial to a jury, of escape from custody in violation of General Statutes § 53a-171 (a). On July 5, 1983, the defendant was in custody, awaiting trial for a series of felony charges. He was transported by van, in the custody of a sheriff, from a state correctional center to the Superior Court in New Haven to make a court appearance. As the prisoners were being unloaded from the van, the defendant and another prisoner exited the van, ran by the sheriff and scaled the wall. The defendant was subsequently apprehended, tried and convicted of escape from custody.

The defendant claims that the trial court, *Higgins, J.,* erred (1) in denying his motion in limine and in permitting evidence of certain of his prior convictions to

come before the jury, (2) in finding that the evidence reasonably supported a finding of guilty, and (3) in allowing into evidence extra-judicial statements made by him. We find no error.

It is well established in this state that the credibility of a witness may be impeached by proof of prior conviction of crimes for which imprisonment may be more than one year. General Statutes § 52-145; *State* v. *Townsend,* 167 Conn. 539, 563, 356 A.2d 125, cert. denied, 423 U.S. 846, 96 S. Ct. 84, 46 L. Ed. 2d 67 (1975). The defendant moved, in limine, that his prior criminal record not be introduced to impeach his credibility alleging that such evidence would be inflammatory and would prevent a fair trial. He further moved that such presentation be limited to stating that he had been convicted of a felony but that no statement be made as to the nature or number of convictions. He specifically requested that no evidence of prior escape attempts be admitted.

After a hearing on the motion, the court excluded all convictions prior to 1973 as being too remote in time and a 1974 conviction for escape because it was the same as the charge then pending and was therefore too prejudicial. The state offered to introduce only the fact of the prior convictions without referring to the nature of the offenses. The defendant refused this alternative, requesting the use of the term "multiple convictions" instead. The court, however, concluded that describing the prior convictions in this manner might mislead the jury and ruled that those prior convictions not excluded could be introduced by title and year, without elaboration of the underlying facts. The judge thereafter ruled that all the convictions for the other crimes including sexual assaults, kidnappings and six thefts

of firearms could be allowed into evidence.[1] In its charge to the jury, the court gave extensive instructions as to the proper use by the jury of evidence of the convictions.

The trial court's decision to deny the motion to exclude a witness's prior criminal record when offered to attack his credibility will be upset only where the court abuses its discretion. In determining whether there has been an abuse, the ultimate issue is whether the court could reasonably conclude as it did. *State* v. *Bitting,* 162 Conn. 1, 10–11, 291 A.2d 240 (1971); *E.M. Lowe's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959).

"[P]rior convictions that are admissible for impeachment purposes may be segregated into two general categories. First are those crimes that by their very nature indicate dishonesty or tendency to make false statement. *State* v. *Nardini,* [187 Conn. 513, 523–24, 447 A.2d 396 (1982)]. Beyond the obvious violations such as perjury or false statement, we have recognized that crimes involving larcenous intent imply a general disposition toward dishonesty such that they also fall within this category. *State* v. *Carter,* [189 Conn. 631, 643, 458 A.2d 379 (1983)]. Convictions of this sort . . . bear heavily on the credibility of one who has been convicted of them. The probative value of such convictions, therefore, may often outweigh any prejudice engendered by their admission." *State* v. *Geyer,* 194 Conn. 1, 12, 480 A.2d 489 (1984).

---

[1] The defendant was convicted of the following crimes: Carrying a pistol without a permit (August 22, 1973); burglary in the third degree (August 22, 1973); kidnapping in the second degree (July 5, 1977); sexual assault in the first degree (July 5, 1977). Convictions on appeal include: Kidnapping in the first degree; sexual assault in the first degree; assault in the second degree; and theft of firearms (six counts), all of which were committed on September 9, 1983.

The six convictions of theft of firearms concern crimes involving larcenous intent and clearly fall within the category of crimes concerning dishonesty. The mere fact that the crimes involve firearms does not indicate abuse of discretion. The conviction for burglary in the third degree also falls into this category. "With respect to the convictions . . . for burglary, a crime often associated with larceny, there is authority for the view that those crimes imply dishonesty in a general sense . . . ." *State* v. *Carter,* supra, 643.

"The second category involves convictions for crimes that do not reflect directly on the credibility of one who has been convicted of them. *State* v. *Nardini,* supra. The theory behind the admissibility of these convictions as evidence of credibility posits that 'conviction of a crime demonstrates a bad general character, a "general readiness to do evil" and that such a disposition alone supports an inference of a "readiness to lie in the particular case . . . ." *Gertz* v. *Fitchburg R. Co.,* 137 Mass. 77, 78 (1884) (Holmes, J.).' *State* v. *Nardini,* supra, 523–24." *State* v. *Geyer,* supra. The same rationale underlies General Statutes § 52-145. *State* v. *Bitting,* supra, 10.

The prior convictions for assault in the second degree, kidnapping in the first and second degree, two convictions for sexual assault in the first degree and carrying a pistol without a permit all fall within the second category. Such crimes do not reflect directly on the defendant's credibility but do reflect on his general character.

"A trial court must weigh the probative value of prior convictions on a defendant's credibility in general against any prejudice that will arise from their introduction into evidence. *State* v. *Carter,* supra, 642–43 . . . ." *State* v. *Geyer,* supra, 13. "The trial court, because of its intimate familiarity with the case, is in

the best position to weigh the relative merits and dangers of any proferred evidence." *State* v. *Geyer,* supra; *State* v. *Carter,* supra, 642. It thus cannot be found that admissions of such convictions into evidence constitutes extraordinary prejudice which far outweighs the marginal probative value of impeaching the defendant's credibility. *State* v. *Carter,* supra, 643. This is particularly true where no details as to the crimes were introduced and where the defendant was given the option of having the crimes merely referred to without mention as to their nature or type.

The defendant additionally claims that it was error for the court to admit evidence of convictions which were on appeal. We adopt the majority rule which states that the trial court "has discretion to allow the use for impeachment of a conviction under appeal, although he must, of course, allow defense counsel to point out the pendency of an appeal to the jury. In exercising this discretion, the judge is free, although not required, to examine any readily available papers that may bear on the substantiality of the appeal." *United States* v. *Soles,* 482 F.2d 105, 108 (2d Cir.), cert. denied, 414 U.S. 1027, 94 S. Ct. 455, 38 L. Ed. 2d 319 (1973); *State* v. *Carter,* supra, 641–42 n.2; see 6 A.L.R.3d 726. The admissibility of a conviction on appeal also finds authority in the Federal Rules of Evidence: "The pendency of an appeal . . . does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible." Fed. R. Evid. 609 (e). Here, however, the defendant elected not to inform the jury that the convictions were on appeal.

The defendant next claims that the evidence admitted at trial was insufficient to support the jury's finding of criminal intent. In order for evidence to be sufficient to sustain a verdict, the trier must be able " 'reasonably [to conclude], upon the facts established and the reasonable inferences drawn therefrom, that the cumu-

lative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt.' " *State* v. *Gaynor,* 182 Conn. 501, 503, 438 A.2d 479 (1980), quoting *State* v. *Festo,* 181 Conn. 254, 257, 436 A.2d 38 (1980). The jury could reasonably have reached the verdict it did. There was more than sufficient evidence of the defendant's acts from which the jury could have inferred the defendant's necessary intent.

The defendant contends that his statements, which were admitted at trial, had been made to the sheriff following his arrest and during the course of a custodial interrogation prior to which he should have been advised of his *Miranda* rights. "Before one suspected of the commission of a crime is entitled to the warnings constitutionally required by *Miranda* . . . two conditions must be satisfied: the suspect must be in the custody of law enforcement officials . . . and the suspect must be subjected to interrogation." (Citations omitted.) *State* v. *Stankowski,* 184 Conn. 121, 136, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981); *State* v. *Acquin,* 187 Conn. 647, 651, 448 A.2d 163 (1982), cert. denied, 463 U.S. 1229, 103 S. Ct. 3570, 77 L. Ed. 2d 1411 (1983). *Miranda* warnings are required to combat a situation in which there are "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so." *State* v. *Ferrara,* 176 Conn. 508, 519, 408 A.2d 265 (1979), quoting *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The statements in question, volunteered during the course of conversations initiated by the defendant, were not made during a custodial interrogation. *Miranda* warnings need not precede volunteered incriminatory statements. *State* v. *Krajger,* 182 Conn. 497, 500 n.2, 438 A.2d 745 (1980).

The defendant finally claims that the jury, rather than the trial court, should have determined whether he had been properly advised of his *Miranda* rights. Since this is a preliminary issue of fact and law, it was properly decided by the the trial court. *State* v. *Harris,* 188 Conn. 574, 580, 452 A.2d 634 (1982), cert. denied, 460 U.S. 1089, 103 S. Ct. 1785, 76 L. Ed. 2d 354 (1983); *State* v. *Frazier,* 185 Conn. 211, 219, 440 A.2d 916 (1981), cert. denied, 458 U.S. 1112, 102 S. Ct. 3496, 73 L. Ed. 2d 1375 (1982).

There is no error.

In this opinion the other judges concurred.