STATE OF CONNECTICUT *v.* GERALD R. JOHNSON
(2789)

HULL, SPALLONE and DALY, Js.

Argued June 4—decision released August 13, 1985

*Erskine D. McIntosh,* assistant public defender, for the appellant (defendant).

*David Shepack,* assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, *Susann E. Gill,* deputy assistant state's attorney, and *Enrico Vacarro* and *John S. Massameno,* assistant state's attorneys, for the appellee (state).

DALY, J. The defendant was convicted, following a trial to the jury, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). On appeal,[1]

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

the defendant claims that the trial court erred in permitting the state to impeach the defendant by the use of his prior felony convictions.[2] The defendant did not deny having been intimate with the complainant, but claimed that it was a consensual arrangement.

The state was permitted to impeach the credibility of the defendant by introducing the following felony convictions: (1) attempted breaking and entering (1962); (2) aggravated assault (1964); (3) carrying a dangerous weapon (1965); (4) obtaining money by false pretenses (1966); (5) breaking and entering (1966); (6) breaking and entering (1969); and (7) armed robbery and assault (1973). The defendant challenges their admissibility on the grounds of remoteness, relevancy for veracity, and their prejudicial impact outweighing the probative value.

A trial court's decision to allow the use of prior convictions to impeach a witness's credibility will not be disturbed unless the court abused its discretion. The test used in determining if the court abused its discretion is whether the court could reasonably conclude as it did, and every reasonable presumption will be made in favor of the correctness of its action. *State* v. *Hamele,* 188 Conn. 372, 383, 449 A.2d 1020 (1982).

"Three factors should be examined to determine whether a prior criminal conviction properly has been admitted: (1) the extent to which admission is likely to prejudice the defendant's cause; (2) the significance of the prior crime as bearing on the defendant's truthfulness; and (3) the remoteness in time of the prior conviction." *State* v. *Geyer,* 194 Conn. 1, 11, 480 A.2d 489 (1984); *State* v. *Nardini,* 187 Conn. 513, 522, 447 A.2d 396 (1982). " '[P]rior convictions that are admissible for impeachment purposes may be segregated into two

---

[2] The remaining claims of error were withdrawn in the defendant's reply brief.

general categories. First are those crimes that by their very nature indicate dishonesty or tendency to make false statement. *State* v. *Nardini,* [187 Conn. 513, 523–24, 447 A.2d 396 (1982)]. Beyond the obvious violations such as perjury or false statement, we have recognized that crimes involving larcenous intent imply a general disposition toward dishonesty such that they also fall within this category. *State* v. *Carter,* [189 Conn. 631, 643, 458 A.2d 379 (1983)]. Convictions of this sort . . . bear heavily on the credibility of one who has been convicted of them. The probative value of such convictions, therefore, may often outweigh any prejudice engendered by their admission.' *State* v. *Geyer,* 194 Conn. 1, 12, 480 A.2d 489 (1984)." *State* v. *Schroff,* 3 Conn. App. 684, 687, 492 A.2d 190 (1985). The second category encompasses convictions for crimes that, although not reflecting directly on one's credibility, show a general disposition towards evilness and thus support an inference of a readiness to lie. Id., 688.

The remoteness of a prior conviction obviously affects its probative value upon the credibility of a witness. *State* v. *Nardini,* supra, 525. A balancing process must be used in evaluating whether a conviction should be admitted. Id., 528. In *State* v. *Nardini,* the court found that the probative value for credibility purposes of the convictions at issue in that case (breaking and entering, and carrying a pistol without a permit), both of which were more than twenty years old at the time of trial, was greatly diminished by their remoteness. Id., 528. The *Nardini* court then determined that "[t]he conviction for breaking and entering, a crime regarded as having more than peripheral bearing upon honesty, conceivably might have weathered this erosion of more than two decades sufficiently to have some viability for impeachment purposes. No such justification can be found for admitting the conviction for carrying a pistol without a permit." Id. Hence, the breaking and

entering, and the attempted breaking and entering convictions in the present case come within the ambit of *State* v. *Nardini,* supra, and were thus admissible.

In *State* v. *Kuritz,* 3 Conn. App. 459, 461, 489 A.2d 1053 (1985), the court stated that "[a] prior conviction of robbery with violence is inextricably interwoven with the crime of larceny and implies a lack of veracity. It, therefore, is directly relevant to a determination of the credibility of a defendant-witness." In *Kuritz,* the prior conviction of robbery with violence was sixteen years old at the time of trial. In view of *Kuritz,* the prior conviction of armed robbery and assault was certainly admissible.

The conviction for obtaining money by false pretenses would fall within the first category of crimes that by their very nature indicate dishonesty or tendency to make false statement and was therefore admissible. *State* v. *Schroff,* supra, 687.

As to the admission of the 1965 conviction for carrying a dangerous weapon, we look to the court's treatment of a similar conviction in *State* v. *Nardini,* supra. In *Nardini,* the court found that "[w]hatever significance upon credibility the conviction for carrying a pistol without a permit may once have had under the general lawbreaker rationale . . . must have entirely dissipated by the date of trial and its admission cannot be justified." *State* v. *Nardini,* supra, 530. Nevertheless, the *Nardini* court then concluded that "this error was harmless because it is so highly improbable that any additional prejudice arising from knowledge by the jury of this second conviction affected the outcome." Id. We likewise conclude that the trial court's admission of the prior conviction for carrying a dangerous weapon was harmless error.

We further find that the trial court did not abuse its discretion in the admission of the remaining prior convictions for impeachment purposes.

There is no error.

In this opinion the other judges concurred.