STATE OF CONNECTICUT *v.* CHARLES LANGE

SUPERIOR COURT    GEOGRAPHICAL AREA No. 6    FILE No. 331134S
AT NEW HAVEN

Memorandum filed October 11, 1990

*Earl Richards,* assistant state's attorney, for the state.

*Yamil Lara,* for the defendant.

BLUE, J. This case presents the question of whether a criminal conviction that is the subject of a pending appeal disqualifies a defendant from eligibility for the accelerated pretrial rehabilitation program in a subsequent criminal case. The court concludes that the answer to this question is in the affirmative.

The defendant is accused of illegal possession of a narcotic substance in violation of General Statutes § 21a-279 (a). He has applied for the accelerated pretrial rehabilitation program established by General Statutes § 54-56e. In response to the court's questions, the defendant candidly disclosed that he has recently been convicted of a crime but that that conviction has been appealed. The appeal is currently pending before the Appellate Court, *State* v. *Lange,* Docket No. 9333. The defendant has no other criminal convictions on his record.

Section 54-56e allows the court to invoke the accelerated pretrial rehabilitation program only with respect to an accused "who has no previous record of conviction of a crime." The statute does not specifically address the effect of a pending appeal upon a defendant's eligibility for the program, and no published case addresses the issue. The court believes, however, that the answer is reasonably apparent from the statutory text.

A person convicted of a crime has a "record" of such conviction and, even if that conviction is appealed, that record endures until such time, if ever, that the conviction is reversed on appeal. In certain circumstances an appeal "operate[s] as a stay of execution pending the final determination of the case"; Practice Book § 4048; General Statutes § 54-95 (b); but such a stay of execution does not amount to an erasure of the record. That record would be erased only by an actual reversal.

An analogy to this issue may be found in the rather frequently litigated issue of whether a witness may be impeached with evidence of convictions that are on appeal. On this topic, the Appellate Court has adopted the majority rule that such impeachment is permissible. *State* v. *Biller,* 5 Conn. App. 616, 623, 501 A.2d 1218 (1985), cert. denied, 199 Conn. 803, 506 A.2d 146, cert. denied, 478 U.S. 1005, 106 S. Ct. 3296, 92 L. Ed. 2d 711 (1986); *State* v. *Schroff,* 3 Conn. App. 684, 689, 492 A.2d 190 (1985); see, e.g., Fed. R. Evid. 609 (e); *United States* v. *Soles,* 482 F.2d 105, 107–108 (2d Cir.), cert. denied, 414 U.S. 1027, 94 S. Ct. 455, 38 L. Ed. 2d 319 (1973); *People* v. *Bey,* 42 Ill. 2d 139, 146, 246 N.E.2d 287 (1969); *State* v. *Rollins,* 359 A.2d 315, 319 (R.I. 1976); annot., 16 A.L.R.3d 726 (1967). These cases have relied on both textual and pragmatic grounds. Textually, as the Supreme Court of Rhode Island has noted, "[i]f the Legislature meant final conviction, it would have said so in no uncertain language." *State* v. *Rollins,* supra. Pragmatically, as the Second Circuit pointed out in *Soles,* a contrary rule would encourage both frivolous appeals of prior convictions and dilatory tactics in subsequent cases. *United States* v. *Soles,* supra, 108. Both lines of reasoning apply with full force in the present case.

The court realizes that this solution is somewhat troublesome. The possibility exists that the defendant's prior conviction will be reversed on appeal. In that event, the denial of accelerated rehabilitation on the basis of that prior conviction may appear, in retrospect, to have been unfair. If the defendant has, in the interim, been convicted of a crime in the present case, he may wish to file a petition for a new trial pursuant to General Statutes § 52-270. See id., 107–108. At this point the court emphasizes, however, that this concatenation of events is purely

speculative and that an advisory opinion on the proper judicial response to such a hypothetical petition is unnecessary and inappropriate. See *Reply of the Judges,* 33 Conn. 586 (1867).

For the reasons stated above, the motion for accelerated pretrial rehabilitation is denied.