JOHN TERLIZZI *v.* DONALD LINSLEY ET AL.
(4904)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs September 19, 1986—decision released January 13, 1987

*Charles F. Brower* filed a brief for the appellants (defendants).

*John P. Febbroriello* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendants are appealing from the judgment[1] of the trial court granting a permanent injunction. The plaintiff brought this action against the defendants, Donald Linsley and Giuseppe Santoro, alleging a violation of a lease of commercial property and claiming injunctive relief and money damages. The defendants filed an answer, special defense and counterclaim.

---

[1] The judgment provided in pertinent part: "These are therefore, by authority of the State of Connecticut, to command and enjoin you, Donald Linsley and Giuseppe Santoro, and each of your officers, servants, tenants, agents and employees under penalty of $5,000.00 to wholly and absolutely desist and refrain from interfering with the parking by the plaintiff, his customers and employees and shall allow the plaintiff, his customers and employees to use the parking area located to the front of the building starting at a certain lamp post and running in a northerly direction in front of the portion of the building occupied by the plaintiff and continuing around the corner of said building to the end of the portion of the building that the plaintiff leases; and that the driveway to the rear of the building is to be kept open and clear and that the plaintiff, his customers and employ-

The case was tried to the court, which found as follows. On or about July 1, 1983, the plaintiff and Evelyn M. Herman, the defendants' predecessor in title, entered into a lease for two units of a four unit building. The lease specified that the plaintiff would use the premises as a restaurant, an ice cream parlor and a gift shop. On October 4, 1983, the parties executed an amendment to their lease. At the time the parties entered into the lease agreements, the four units of the building consisted of a residential dwelling occupied by the lessor and her husband, Evelyn and Grant Herman, of a real estate office occupied by Grant Herman, and of the two rental units subject to the plaintiff's leasehold interest. Surrounding the building at the time the leases were executed was a parking area accommodating approximately seventeen vehicles, although no parking spaces were specifically delineated.

On June 21, 1984, the premises were sold to the defendants. Shortly after the purchase of the premises, the plaintiff and the named defendant, Linsley, became involved in a series of disagreements concerning the leased premises, mainly relating to the amount of available parking for use by the plaintiff's customers.

The trial court found that parking was included as appurtenant to the leased premises. It based this con-

ees, if need be, may park in the back of the building in the gravel portion of the parking lot to the left of the driveway; and that the defendants, their agents, assigns, tenants and employees are further enjoined from parking any and all trucks and vans in front of the building and no vehicles are to be placed in front of said building and held out for sale to the public except the tenant occupying the residential section of the building may do so in the parking space or spaces located southerly of the lamp post referred to herein; until further order of the court. . . . The plaintiff is authorized to install at his expense electric baseboard heating units which shall be his property and subject to removal at the termination of the lease, and these units shall be installed so as to do no unnecessary damage to the rental unit and any damage which is done shall be repaired at the Lessee's expense at the termination of the lease."

clusion on the nature and intended use of the property as well as an oral agreement and the assent of the prior lessor, Evelyn Herman. Further, the court found that the defendants, by parking vehicles and placing no parking signs in parking areas used by the plaintiff and his customers, interfered with the plaintiff's right to the quiet and peaceful possession and enjoyment of the leased premises.

In addition, the court found that the plaintiff had not breached the lease by making structural changes in the premises. The court found that, although changes had been made in the premises, some of this work was done when Evelyn Herman owned the building, with her knowledge and assent. Furthermore, the court observed that an amendment to the lease had provided that "[t]he lessee agrees that upon termination of this lease or any renewals thereof, he will remove any equipment installed by him and restore the premises to the same condition that they are in upon commencement of this lease." The court held that this section was controlling over a section in the original lease requiring the lessee to obtain written permission from the landlord before making alterations to the premises. The court concluded that the obligation of the lessee in this case under the amended lease was to return the property to its original condition at the termination of the lease.

On the counterclaim, the court found that the plaintiff was obligated under the lease to reimburse the defendants for fuel costs in the amount of $409.89. Accordingly, the court rendered judgment for the defendant on the counterclaim in that amount.

The defendants have appealed and claim that the court erred (1) in excluding certain evidence regarding alterations to the premises and alleged violations of the lease predating the defendants' ownership, (2) in

holding that the lease allowed the plaintiff to make alterations to the premises provided that he restore the buildings to their original condition upon termination of the lease, (3) in not allowing the defendants access to the utility room, (4) in authorizing the plaintiff to install an electric heating system, (5) in finding that the plaintiff had exclusive parking rights in some areas, and (6) in enjoining, along with the defendants, the defendants' officers, servants, tenants, agents and employees.

We will not review the defendants' evidentiary claims of error because the defendants failed to follow the procedures set forth in Practice Book § 3060F (d) (3) (now § 4065 [d] [3]) for briefing claimed errors in evidentiary rulings. *Jonap* v. *Silver,* 1 Conn. App. 550, 562 n.8, 474 A.2d 800 (1984).

In their second claim, the defendants dispute the trial court's interpretation of the amended lease. The trial court concluded that some of the alterations were done when Evelyn Herman owned the building and were done with her knowledge and oral permission. The court then interpreted the amendment of the lease as controlling in this case and that the plaintiff's obligation was to return the property to its original condition at the time of termination. Although the defendants claim that the trial court erroneously held that the amendment to the lease invalidated the section of the original lease requiring alterations to be made only with the written consent of the landlord, we do not read the trial court's memorandum of decision in such a broad fashion. The court stated that the amendment of the lease was "controlling" over the original lease with respect to the alterations at issue, not that the amendment invalidated a section of the original lease. We do not find the court's interpretation of the lease and amendment to be clearly erro-

neous. See *Central New Haven Development Corporation* v. *La Crepe, Inc.,* 177 Conn. 212, 214–15, 413 A.2d 840 (1979).

We find nothing in the record to support the third claim of error pressed by the defendants, namely, that the court erred by denying the defendants access to the utility room. The judgment is silent as to such access. Our examination of the defendants' prayer for relief fails to persuade us that the defendants ever requested that the court grant them access to the utility room. Because the relief was not requested the trial court was under no obligation to consider it. Claims not raised at trial will not be reviewed on appeal. *MacFarlane* v. *MacFarlane,* 178 Conn. 406, 416, 423 A.2d 109 (1979); *State* v. *Zeko,* 176 Conn. 421, 426, 407 A.2d 1022 (1979).

In a fourth claim of error, the defendants contend that the trial court abused its discretion when it authorized the plaintiff to install an electric heating system which he was to remove without damaging the realty at the end of the lease. The trial court was required, under the facts and circumstances in this case, to fashion relief based on equitable principles. The evidence revealed, and the court found, that the fuel bills would be a constant and continuous source of controversy between the parties. There was evidence that the defendants had disconnected a meter and rendered the thermostat in the plaintiff's premises ineffective. While the lease provided a contractual arrangement for apportioning the heating costs between the parties, the actions of the defendants made it impossible to apply these provisions. The trial court, in order to give efficacy to the contract provisions, was authorized to resort to equity "to provide effective, convenient, direct, and complete relief." *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 482, 447 A.2d

1 (1982). We find no error in the court's use of equitable relief to resolve a continuous source of contention between the parties in this case.

A fifth claim of error is that the court erred in finding that the plaintiff had exclusive parking rights in certain areas. We find this claim to be without merit. There was evidence presented to the court which supported its finding that parking was an appurtenance to the lease. For example, there was testimony that the plaintiff was escorted around the premises and shown specific areas where he was allowed parking. There was also evidence indicating that the only other persons expected to utilize parking were the original landlord and her husband and that they parked in an area that was separate from the areas shown the plaintiff. Whether parking or particular parking areas was within the contemplation of the parties as an appurtenance was a question of fact. *Girard* v. *Kabatznick,* 128 Conn. 520, 526, 24 A.2d 257 (1942); *Whittelsey* v. *Porter,* 82 Conn. 95, 102, 72 A. 593 (1909). We will not find facts or draw conclusions from primary facts found, but will only review such findings to determine whether the trier of fact could legally, logically and reasonably conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172 (1976); *Russo* v. *Terrek,* 7 Conn. App. 252, 257, 508 A.2d 788 (1986). We find that the trial court could reasonably conclude that the plaintiff had certain exclusive parking rights.

The defendants' final claim of error is also without merit. The court enjoined the defendants and each of their "officers, servants, tenants, agents and employees."[2] The defendants claim that the court lacked

[2] We note that the judgment did provide for parking privileges for the residential tenant.. See footnote 1, supra.

authority to issue an injunction against those who were not parties to the suit. It is clear, however, that the injunction was effective against nonparties only to the extent that they derived their parking rights from the defendants. A court may enjoin nonparties who are legally identified with a party and privy to his performance of the prohibited act, such as officers, agents, employees, associates, or confederates of such party. 43A C.J.S., Injunctions § 249. The record indicates that, before the defendants purchased the property, the only persons having parking rights in the premises were the plaintiff and his prior landlord. After the defendants purchased the property, they, their tenants and employees were found by the court to have interfered with the appurtenant parking rights of the plaintiff. Under these circumstances, the court did not abuse its discretion when, in addition to the defendants, it enjoined those others who may claim rights through the defendants.

There is no error.

In this opinion the other judges concurred.