## STATE OF CONNECTICUT *v.* MONICA GOLDING (5107)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 6, 1987—decision released May 3, 1988

*Joseph G. Bruckmann,* assistant public defender, with whom on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Mary H. Lesser,* special assistant state's attorney, with whom, on the brief, were *Alan Reisner* and *James G. Clark,* assistant state's attorneys, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction after a jury trial, of larceny in the second degree in violation of General Statutes § 53a-123 (a) (4), and of general assistance fraud in violation of General Statutes § 17-282. The defendant raises the following claims on appeal: (1) her rights not to be placed in jeopardy twice under the fifth and fourteenth amendments to the United States constitution were violated by trying her for violation of two statutes which constitute a single offense; (2) Public Acts 1984, No. 84-471, which amended General Statutes § 17-282, is unconstitutionally vague; (3) the judgment of conviction for the offense of general assistance fraud was improper because the

court failed to give instructions on an essential element of the offense; (4) she was deprived of her constitutional right to a unanimous jury verdict; and (5) her due process rights were violated by the order of restitution as a condition of her probation. We find no error.

From the evidence presented, the jury could reasonably have found the following facts. On September 8, 1983, the defendant signed, under oath, a statement of her rights and responsibilities as applicant for public assistance. The first paragraph of that form states: "I agree to notify the Town Welfare Department of any changes in my income, assets and changes in any other information furnished in this application." On November 7, 1983, the defendant informed her social worker in the department of social services that eight people were living with her. As a result, her assistance was reduced from $266.65 to $33.15 per month. On December 27, 1983, after she informed the social worker that there were only three people living in her household, the defendant's monthly allotment was increased to $262.70 from that date until July 3, 1984. She also signed eligibility forms in March, May and July, 1984, which indicated that there were three occupants in her apartment and that she had no outside income. Between December 27, 1983, and July 31, 1984, the defendant failed to tell her social worker that she was receiving income from an independent source.

The benefits the defendant received from January, 1984, through July, 1984, therefore, were based on the representation that the defendant had three occupants living with her and no outside income. During that period of time, there were nine people living in the defendant's apartment. During June and July of 1984, the defendant received income from a private source in the amount of $610.50. The difference between the amount the defendant was paid by the city from Janu-

ary through July of 1984, and the amount she was entitled to for that period was $877.90.

The defendant received a sentence of eighteen months suspended with three years of probation on the charge of larceny, and one year suspended with three years of probation on the charge of general assistance fraud. The sentences were concurrent and there were two conditions of probation: restitution in the amount of $877.90, and 200 hours of community service.

I

The defendant's first claim is that by imposing multiple punishments for two offenses that arose from a single transaction her constitutional protection against being placed in double jeopardy was violated. The defendant was charged by information with violating General Statutes §§ 17-282[1] and 53a-123 (a) (4).[2] By an amended bill of particulars, it was specified that she violated General Statutes § 17-282 when she "defrauded and assisted in defrauding the city of Hartford in obtaining support from said city." The amended bill of particulars also specified that she violated of General Statutes § 53a-123 (a) (4) when, "with intent to appropriate property to herself she wrongfully obtained such property from the city of Hartford."

The double jeopardy clause of the fifth amendment to the United States constitution and article I, § 8, of the Connecticut constitution protects against multiple

[1] General Statutes (Rev. to 1983) § 17-282 provides: "PENALTY FOR FRAUD OR DECEPTION. Any person who defrauds or assists in defrauding any town as to the support of its paupers, or deceives the selectmen thereof in obtaining support for any person not entitled to the same, shall be fined not more than one thousand dollars or imprisoned not more than one year or both."

[2] General Statutes § 53a-123 provides: "LARCENY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119 and . . . (4) the property is obtained by defrauding a public community, and the value of such property is two thousand dollars or less."

punishments for the same crime. *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *State* v. *Wright,* 197 Conn. 588, 592, 500 A.2d 547 (1985). "This clause ' "prohibits not only multiple trials for the same offense but also multiple punishments for the same offense. *Brown* v. *Ohio,* [supra]; *State* v. *Devino,* 195 Conn. 70, 73, 485 A.2d 1302 (1985) . . . ." "Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." ' " (Citations omitted.) *State* v. *Palmer,* 206 Conn. 40, 51–52, 536 A.2d 936 (1988), quoting *State* v. *Boucino,* 199 Conn. 207, 222, 506 A.2d 125 (1986).

The test for whether multiple punishments are permitted "where the same act or transaction constitutes a violation of two distinct statutory provisions . . . is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). "This test is applied with reference to the bill of particulars or charging documents." *State* v. *Trujillo,* 12 Conn. App. 320, 336, 531 A.2d 142 (1987).

Larceny in the second degree requires specific intent to deprive another of property permanently.[3] *State* v. *Raffone,* 161 Conn. 117, 127–28, 285 A.2d 323 (1971); see *State* v. *Perez,* 181 Conn. 299, 435 A.2d 334 (1980). General assistance fraud does not require the permanent deprivation of property. One of the elements of

[3] General Statutes § 53a-118 (a) (3) defines "deprive" as: "(A) to withhold it or cause it to be withheld from him permanently or for so an extended a period or under such circumstances that the major portion of its economic value or benefits is lost to him; or (B) to dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property."

general assistance fraud is that the fraudulently obtained funds be used in "support for any person not entitled to" the funds. Larceny in the second degree does not contain such an element. The amended bill of particulars in this case specifies as to the larceny count that the defendant intended to appropriate property to "herself," whereas no such requirement exists for the count of general assistance fraud. Therefore, the test for whether multiple punishments are permitted under *Blockburger* has been met. It is possible to commit one of the offenses in the manner described in the bill of particulars without first having committed the other offense.

Although both offenses charged in the information and described by the amended bill of particulars arose out of the same transaction, they constitute two separate offenses. Thus, the defendant may be punished for each offense without violating her constitutional protection against double jeopardy.

## II

The defendant claims that General Statutes § 17-282, as amended by Public Acts 1984, No. 84-471, § 1, is unconstitutionally vague[4] because the statute does not

---

[4] Public Acts 1984, No. 84-471 provides: "AN ACT CONCERNING THE PENALTY FOR GENERAL ASSISTANCE FRAUD AND DISTRIBUTION OF FUNDS FOR EMERGENCY SHELTER SERVICES.

"Section 1. Section 17-282 of the general statutes is repealed and the following is substituted in lieu thereof:

"Any person who defrauds or assists in defrauding any town as to the support of its paupers, or deceives the selectmen thereof in obtaining support for any person not entitled to the same, shall be [fined not more than one thousand dollars or imprisoned not more than one year or both] SUBJECT TO THE PENALTIES FOR LARCENY UNDER SECTIONS 53a-122 TO 53a-125b, INCLUSIVE, DEPENDING ON THE AMOUNT INVOLVED."

The defendant concedes that the act is not unconstitutionally vague on

provide for the penalty for the crime of general assistance fraud within its specific term, so that it was unclear to the defendant what penalty she could receive. In fact, the act specifically refers for the penalties for its violation to General Statutes §§ 53a-122 to 53a-125b which sections establish the penalties for larceny, depending upon the amount involved. The defendant violated the public act and became subject to the penalties it imposed. The trial court committed no error in sentencing the defendant under Public Acts 1984, No. 84-471, § 1.

### III

The defendant next claims the court erred in failing to instruct the jury that they must find the precise sum involved in order to convict for general assistance fraud, in violation of General Statutes § 17-282 and Public Acts 1984, No. 84-471, § 1. The defendant neither requested a charge on the "amount involved" nor objected after the jury was instructed. She therefore seeks review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). Before an *Evans* review can proceed, each of the following questions must be answered affirmatively: (1) does the defendant raise an issue which, by its terms, implicates a fundamental constitutional right? (2) does a limited review of the record show that the defendant's claim is truly of constitutional proportions and not simply characterized as such by the defendant? (3) was there, in fact, based on the record, a deprivation of a constitutional right of a criminal defendant? and (4) did the deprivation deny the defendant a fair trial, thereby requiring that the conviction be set aside? *State* v. *Foshay,* 12 Conn. App. 1, 23, 530

grounds that it fails to specify the applicable sentence for a course of conduct commencing prior to July 1, 1984, and ending after that date.

A.2d 611 (1987); *State* v. *Thurman,* 10 Conn. App. 302, 306–307, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987).

Although the defendant's claim that the court failed to instruct the jury adequately on an essential element of the crime charged satisfies the first requirement of *Evans,* her claim cannot meet the second requirement. A review of the record does not show the defendant's claim to be truly of constitutional proportions, but is simply characterized by her as such. The trial court instructed adequately as to the elements of the offense charged, which does not include the penalty provision. That penalty provision, which depends upon "the amount involved," does not change the elements of the offense.

## IV

The defendant next claims that the court erred in its instructions to the jury on the element of defrauding a public community thereby depriving the defendant of a unanimous verdict on each of the two counts. Although the defendant raised no objection to the jury instruction, nor requested a different charge, we will review this claim under the *Evans* bypass rule. *State* v. *Jackson,* 13 Conn. App. 288, 294, 535 A.2d 1327 (1988).

The court instructed the jury that a person can be found guilty of larceny if "a person is guilty of defrauding a public community who files a claim for benefits which he knows is false, or knowingly accepts the benefits from a claim which he knows is false." The court then instructed the jury that the same element of defrauding a public community should be applied to the offense of general assistance fraud. The defendant seeks to have both convictions reversed.

Jurors should be instructed that they must unanimously agree on the same alternative where a trial court charges a jury that the commission of any one of several alternative actions would subject a defendant to criminal liability, and those actions are conceptually distinct from each other, and the state has presented some evidence supporting each alternative. *State* v. *Benite*, 6 Conn. App. 667, 674–75, 507 A.2d 478 (1986).

The state's theory at trial was that both acts constituted a single larceny or fraud, and that the jury had to find that both acts were committed before finding the defendant guilty. The evidence presented at trial demonstrated that the defendant accepted benefits based on two separate acts: an affirmative false statement regarding the number of occupants; and the failure to inform the city regarding the income she derived through her employment. *Both* of these nondisclosures resulted in a *total* larceny in the amount of $877.90. No evidence was presented or elicited as to the specific amounts for each act which may have constituted a separate larceny.

Although the court did, in reading the definitional portion of the statute, use the disjunctive "or"; General Statutes §§ 53a-119 (6) (1) and 53a-119 (6) (2);[5] in its instruction, it also adopted the state's claim in its charge that in order to find the defendant guilty of the larceny, the jury must find that the defendant had committed *both* acts, not either. The court instructed: "It is the state's claim, that the information if received was not true, and that the occupants, instead of being three

[5] General Statutes § 53a-119 (6) provides in relevant part: "A person is guilty of defrauding a public community who (1) authorizes, certifies, attests or files a claim for benefits or reimbursement from a local, state or federal agency which he knows is false; or (2) knowingly accepts the benefits from a claim he knows is false . . . ."

as were related in the form were nine, *and* that the defendant had some earned income during the months of June and July, which she did not report to the City of Hartford or Mr. Chasse. The state claims that had the correct information been known, she would have received a lesser amount of money, and that by not receiving that information, she got eight hundred and some dollars more than she should have got." (Emphasis added.)

The court instructed further: "Now, ladies and gentlemen, if your recollection deals with some utility bills, or if your recollection deals with whether or not utilities were included in the rental, and that there was a failure to disclose when there should have been disclosure, *and* there was money received that should not have been received, the same rationale would apply that would apply to the number of occupants *and* to the failure to disclose income if that were the case." (Emphasis added.)

We must consider the trial court's instruction to the jury as a whole. A single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. *State* v. *Truppi,* 182 Conn. 449, 458, 438 A.2d 712 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981). Viewed as a whole, the court's charge to the jury made it clear that it was the jury's duty to determine whether the state had met its burden on every element of the crime charged beyond a reasonable doubt, and that both acts, the affirmative false statement and the failure to inform the city of the additional income, were required to be so proven, as an element of both crimes. Read as a whole, the instruction was consistent with the theory of trial that the defendant had committed a single crime which defrauded the city of $877.90.

V

The defendant's last claim is that the condition of probation requiring her to make restitution in the amount of $877.90 is unconstitutional under the fourteenth amendment to the United States constitution and article I, § 8, of the Connecticut constitution. We disagree.

The defendant contends that the jury might not have agreed that the defendant obtained $877.90 by defrauding the city of Hartford, and that the amount of restitution ordered was therefore arbitrary. The jury's responsibility is limited to the application of the law as charged to the facts as are found, to determine guilt or innocence. The jury was not involved in sentencing and it is irrelevant whether the jury found that restitution in a particular amount was reasonable. It is the responsibility of the sentencing judge to impose a penalty within the statutory limits. A sentence which is within statutory limits is not generally subject to modification by a reviewing court. *United States* v. *Bernard,* 757 F.2d 1439, 1444 (4th Cir. 1985); *State* v. *Huey,* 199 Conn. 121, 126, 505 A.2d 1242 (1986); *State* v. *Nardini,* 187 Conn. 109, 119, 445 A.2d 304 (1982). Within these limits, the court has wide discretion which includes requiring the making of restitution as a condition of probation. General Statutes § 53a-30 (a) (4);[6] *State* v. *Waterman,* 7 Conn. App. 326, 352, 509 A.2d 518, cert. denied, 200 Conn. 807, 512 A.2d 231 (1986).

"The trial court's discretion, however, is not completely, unfettered. As a matter of due process, infor-

---

[6] General Statutes § 53a-30 provides: "CONDITIONS OF PROBATION AND CONDITIONAL DISCHARGE. (a) When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant: . . . (4) make restitution of the fruits of his offense or make restitution, in an amount he can afford to pay or provide in a suitable manner, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance. . . ."

mation may be considered as a basis for a sentence only if it has some minimal indicium of reliability. *United States* v. *Baylin,* 696 F.2d 1030, 1040 (3d Cir. 1982). As long as the sentencing judge has a reasonable, persuasive basis for relying on the information which he uses to fashion his ultimate sentence, an appellate court should not interfere with his discretion." (Citations omitted.) *State* v. *Huey,* supra, 127.

There was evidence at the trial, including the testimony of the welfare worker and the welfare checks themselves, that the total overpayment to the defendant amounted to $877.90. We conclude the amount of restitution ordered was related to the offense and had sufficient indicia of reliability to satisfy due process.

There is no error.

In this opinion the other judges concurred.