[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On May 4, 1993, the plaintiff, Dawn Kusznir-Constantino, filed a two count complaint against the defendant Rosemary Flyntz both personally and in her capacity as the administratrix of the estate of Patrick M. Flyntz. The plaintiff alleges that on May 9, 1981, Patrick Flyntz negligently caused a head on collision between the automobile that he was operating and the automobile that the plaintiff was operating. The plaintiff alleges in count one that Patrick Flyntz allowed his vehicle to cross into the oncoming travel lane at a speed in excess of the posted limit, and in count two that Mr. Flyntz recklessly operated his vehicle while impaired by or under the influence of drugs and/or alcohol.
The defendant answered on October 4, 1993, but did not assert in her answer the special defense of comparative negligence. On March 1, 1994, the plaintiff moved for summary judgment on the issue of liability only with respect to the defendant Rosemary Flyntz, apparently in her capacity as administratrix of the estate Patrick Flyntz. The plaintiff also filed a memorandum in support of the motion as well as an affidavit containing five photocopied photographs of the plaintiff's damaged automobile.
The defendant filed a memorandum of law in opposition to the motion and attached uncertified excerpts of the plaintiff's deposition.
Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleading, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 103, ___ A.2d ___ (1994). "[A]ny party may move for summary judgment at any time . . . ." Practice Book § 379. "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of CT Page 11675 substantive law, entitle him to a judgment as a matter of law . . . ." (Citation omitted, internal quotation marks omitted.) Id., 105. Furthermore, "`the trial court must view the evidence in the light most favorable to the nonmoving party.'" Scarapchansky v.Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993), quotingConnecticut Bank Trust Co. v. Carriage lane Associates,219 Conn. 772, 781, 595 A.2d 908 (1980).
The moving party's motion "should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. OldBuckingham Corp. , 205 Conn. 572, 574, 534 A.2d 1172 (1987). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue."Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). However, "if a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material."Walker v. Lombardo, 2 Conn. App. 266, 269, 477 A.2d 168 (1984).
"Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law . . . ." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434,362 A.2d 857 (1975).
In the present case, the plaintiff has provided a supporting affidavit recounting her recollection of the accident. The plaintiff argues that paragraphs four through twelve of the affidavit, describing the physical setting of the accident and the speed and operation of the defendant's automobile establish that the defendant's negligence was the sole cause of the accident.
The defendant argues that the plaintiff's deposition testimony, excerpts of which are attached to the defendant's memorandum opposing summary judgment, reveals that the plaintiff was unsure of the speed of Patrick Flyntz's vehicle at the time of the accident, and that her testimony as to which lane he was driving was less certain than the allegations contained in the plaintiff's affidavit. The defendant also argues that the deposition testimony leaves open a question of fact as to possible comparative negligence on the part of the plaintiff.[1] Because the deposition testimony is uncertified, however, the court cannot CT Page 11676 consider the contents thereof in deciding the plaintiff's motion.Orenstein v. Old Buckingham Corp. , supra, 205 Conn. 574.
If the facts alleged in the affidavit are true, Patrick Flyntz's operation of the automobile at the time of the accident was negligent. Nevertheless, at trial a jury would be at liberty to believe all, some or none of the plaintiff's testimony with respect to the accident. See Birgel v. Heintz, 163 Conn. 23, 29-30,301 A.2d 249 (1972); State v. Hardison, 16 Conn. App. 142, 145,546 A.2d 968 (1989). Moreover, the credibility of the plaintiff's testimony "raises an issue of fact which the trial court cannot resolve on a motion for summary judgment." Suarez v. DickmontPlastics Corp. , supra, 229 Conn. 107.
The present case differs from Bonesi v. Conte, 3 CSCR 615
(June 22, 1988, Maiocco, J.), cited by the plaintiff in her supporting memorandum, in which the court granted summary judgment for the plaintiff in a negligence case involving an automobile accident. In that case the motion for summary judgment was accompanied by the plaintiff's affidavits, statements of witnesses and a police report. In contrast, the plaintiff has not provided this court with a comparable range of persuasive evidence. The plaintiff's affidavit alone, without other corroborative evidence, is insufficient to establish the absence of any material question of fact so as to compel the court to grant the plaintiff's motion for summary judgment.[2] The plaintiff's motion for summary judgment is denied.
The Court
By Curran, J.