## State of Connecticut *v.* James R. DelVecchio (2786)

Hull, Spallone and Daly, Js.

Argued January 15—decision released April 29, 1986

*Suzanne Zitser,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Steven M. Sellers,* deputy assistant state's attorney, with whom, on the brief, were *Mary Galvin* and *John M. Massameno,* assistant state's attorneys, for the appellee (state).

Daly, J. The defendant was convicted by a jury of robbery in the first degree in violation of General Stat-

utes § 53a-134 (a) (4). On appeal,[1] the defendant claims that the trial court erred (1) in permitting the state to impeach him by the use of a prior robbery conviction, (2) in instructing the jury concerning the testimony of the defendant's alibi witnesses, and (3) in denying the defendant's request to personally address the jury along with his counsel during the closing argument.

The jury found the following facts. On May 9, 1978, while William Kopf and Mischelle Bennett were employed at the self-service Xtra Gas Station on Washington Avenue in North Haven, a white male walked on to the station grounds and entered the station booth at about 9 p.m. After using the pay phone, he brandished what appeared to be a handgun and said "give me all the money." The robber proceeded to stuff into his pocket the money from the register and the contents of a drop envelope used to deposit cash in $100 increments into a floor safe. The North Haven police department was notified and the police arrived within minutes. Both employees provided the police with virtually identical descriptions of the perpetrator. Kopf identified the defendant from an array of six photographs while Bennett selected two of them, including the defendant's, as resembling the robber. The defendant was arrested approximately two months later.

The defendant first claims that the trial court erred in denying his motion in limine in which he sought to prevent his impeachment by the use of his prior conviction for conspiracy to commit robbery in the first degree. The defendant maintained that the probative value of this evidence on the issue of credibility was far outweighed by the risk of unfair prejudice.

We look to certain established guidelines for direction in ruling on a motion in limine. "There is, of course,

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

no per se rule prohibiting impeachment of a defendant by proof of a prior conviction of a crime similar to that for which he is being tried when that prior conviction is offered to attack his credibility." *State* v. *Binet,* 192 Conn. 618, 622, 473 A.2d 1200 (1984). "It is well established that when a defendant takes the stand and testifies in his own behalf he may be cross-examined concerning prior convictions for the purpose of impeaching his credibility as a witness in the same manner as any other witness." *State* v. *Marquez,* 160 Conn. 47, 52–53, 273 A.2d 689 (1970).

Evidence of prior criminal convictions of a criminal defendant is generally not admissible. *State* v. *Amaral,* 179 Conn. 239, 244, 425 A.2d 1293 (1979); McCormick, Evidence (2d Ed. 1972) § 190. An exception to this general rule, however, allows the state, in particular situations, to introduce evidence of a criminal defendant's prior convictions for the purpose of impugning the credibility of his testimony after the defendant has testified. General Statutes § 52-145; *State* v. *Geyer,* 194 Conn. 1, 6, 480 A.2d 489 (1984). Section 52-145 (a) provides in pertinent part that "[a] person shall not be disqualified as a witness in any action because of . . . his interest in the outcome of the action as a party or otherwise . . . or . . . his conviction of a crime." Subsection (b) of that section provides further that "[such] interest in the outcome . . . or his conviction of crime may be shown for the purpose of affecting his credibility."

It has been established that if a defendant testifies and, afterward, evidence of a prior conviction is offered on the issue of credibility in a criminal trial, its admissibility should then be determined by the exercise of a sound judicial discretion in which probative and prejudicial value are weighed. *State* v. *Geyer,* supra, 11; *State* v. *Nardini,* 187 Conn. 513, 521–22, 447 A.2d 396 (1982); *State* v. *Marquez,* supra, 53. "Every reasonable

presumption in favor of its correctness must be made." *State* v. *Hamele,* 188 Conn. 372, 383, 449 A.2d 1020 (1982). The danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced on the ultimate question of guilt or innocence and not merely on the issue of credibility. *State* v. *Binet,* supra, 623. "Where the prior crime is quite similar to the offense being tried, a high degree of prejudice is created and a strong showing of probative value would be necessary to warrant admissibility." *State* v. *Nardini,* supra, 522.

Prior convictions which are admissible for purposes of impeachment have been divided in two categories: (1) those crimes which by their nature indicate a disposition toward dishonesty or a tendency to make false statements, which include the obvious violations such as perjury and false statement, but which also include, more recently, crimes involving larcenous intent; and (2) those crimes which do not reflect directly on the credibility of one who has been convicted of them. *State* v. *Schroff,* 3 Conn. App. 684, 687, 492 A.2d 190 (1985). "A prior conviction of robbery with violence is inextricably interwoven with the crime of larceny and implies a lack of veracity. It, therefore, is directly relevant to a determination of the credibility of a defendant-witness." *State* v. *Kuritz,* 3 Conn. App. 459, 461, 489 A.2d 1053 (1985); *State* v. *Geyer,* supra, 15–16 n.9. The court, therefore, did not conclude, unreasonably, that these convictions were probative of the defendant's credibility to an extent sufficient to outweigh the prejudice arising from the similarity of these crimes to the robbery charge in this case. *State* v. *Carter,* 189 Conn. 631, 643, 458 A.2d 379 (1983).

"In moving to bar introduction of prior convictions a defendant in a criminal case bears the burden of demonstrating the specific harm that will occur if the

convictions are introduced. . . . Here, the record indicates that the defendant's argument in support of his motion amounted to little more than a perfunctory recitation of the prior conviction, a conclusory statement as to its prejudicial effect, and a request for a ruling." *State* v. *Braswell,* 194 Conn. 297, 308, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985). In his motion in limine, the defendant had the burden to demonstrate, but failed to do so, the nature of the prejudice that would have entitled him to a ruling in his favor. *State* v. *Binet,* supra, 624.

The defendant next claims that since the court had previously charged on the credibility of witnesses, it was error specifically to charge on the credibility of the defendant's alibi witnesses. It has been held that a defendant is entitled to have the jury correctly and adequately instructed. *State* v. *Stepney,* 191 Conn. 233, 247, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984). In assessing any portion of a jury's charge, the test is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result. The charge must be read as a whole and individual instructions should not be judged in isolation from the overall charge. Id. The court's instructions, read as a whole, were fair and balanced, and the instruction on the credibility of witnesses was well within the court's discretion. Id., 248.

The defendant finally claims that he was denied the right to hybrid representation as afforded by article first, § 8[2] of the Connecticut constitution when the court denied his request to share with his attorney part of the time allotted to him for closing argument. An

---

[2] The constitution of Connecticut, article first, § 8, provides in pertinent part that "[i]n all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ."

arrangement of hybrid representation involves the joint presentation of a defense by a defendant and his counsel. In *State* v. *Gethers,* 197 Conn. 369, 382–94, 497 A.2d 408 (1985), our Supreme Court held that article first, § 8 of the Connecticut constitution does not guarantee the right of hybrid representation.

There is no error.

In this opinion the other judges concurred.