STATE OF CONNECTICUT *v.* CHRISTOPHER CARROLL
(7507)

DUPONT, C. J., BORDEN and LAVERY, Js.

Submitted on briefs October 19, 1989—decision released January 2, 1990

*Patrick J. Culligan,* assistant public defender, filed a brief for the appellant (defendant).

*John M. Bailey,* state's attorney, *Kevin McMahon,* assistant state's attorney, and *Leon F. Dalbec, Jr.,* deputy assistant state's attorney, filed a brief for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction for assault in the first degree in violation of General Statutes § 53a-59 and attempted kidnapping in the second degree in violation of General Statutes § 53a-94. We find no error.

The defendant raises two issues on appeal. The first is that the trial court erred in failing to instruct the jury that its verdict must be unanimous as to which of the several types of "serious physical injury" enumerated in General Statutes § 53a-59 was inflicted on the victim by the defendant. We have recently held that the various categories of "serious physical injury" listed

in General Statutes § 53a-59 are not statutory alternatives requiring a unanimity instruction. *State* v. *Wynter,* 19 Conn. App. 654, 666, 564 A.2d 296, cert. denied, 213 Conn. 802, 567 A.2d 834 (1989); *State* v. *Anderson,* 16 Conn. App. 346, 357, 547 A.2d 1368, cert. denied, 209 Conn. 828, 552 A.2d 433 (1988). Consequently, this claim is without merit.

The defendant's second issue is that the trial court erred in denying his motion for judgment of acquittal on the attempted kidnapping charge. The defendant argues, first, that General Statutes § 53a-91[1] defines "abduct" to mean preventing a victim's liberation by a third party or outside force, and second, that the state failed to produce evidence sufficient to prove that the defendant "abducted" the victim within this interpretation of the statutory definition. The state's evidence, according to the defendant, was sufficient to prove only that the defendant "restrained" the victim, that is, prevented the victim from liberating herself. The defendant urges us to conclude, therefore, that a conviction for attempted kidnapping was inappropriate because such a conviction requires proof that the victim was abducted, and not merely restrained.

---

[1] General Statutes § 53a-91 contains definitions applicable to kidnapping and the offenses related to it. Section 53a-91 provides in pertinent part:

"(1) 'Restrain' means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent. As used herein 'without consent' means, but is not limited to, (a) deception and (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement.

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use physical force or intimidation."

The Connecticut Supreme Court has recently analyzed a similar claim. In *State* v. *Paolella,* 211 Conn. 672, 561 A.2d 111 (1989), the defendant presented an identical argument. The Supreme Court declined to follow the defendant's "somewhat strained" interpretation of General Statutes § 53a-91, holding that the evidence in the case was sufficient to find that the defendant had intended to prevent the victim's rescue by third parties as well as by her own efforts. Id., 679. Although we decline to approve the defendant's interpretation of § 53a-91, we find that even under his own analysis his conviction will stand.

Here, the defendant forced the victim into his car and displayed a handgun in response to repeated resistance by both the victim and her family. Although these acts are not as clearly "abduction" as the actions of the defendant in *Paolella,* the defendant in this case was convicted of attempted kidnapping, not kidnapping. The proof required is therefore less stringent than that required in *Paolella,* since we need conclude only that the evidence, when considered in the light most favorable to sustaining the jury's verdict, supports a finding that the defendant had taken a substantial step toward preventing the victim's rescue by third parties. Consequently, even under the defendant's analysis, his conviction for attempted kidnapping must stand.

There is no error.