[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CITE IN ADDITIONAL DEFENDANT AND FILE AMENDED COMPLAINT
This is a two count negligence action against the defendants, Housing Authority of the City of Hartford and City of Hartford, seeking to recover for personal injuries plaintiff allegedly sustained on March 30, 1990 when she slipped and fell on ice and snow on premises owned by the Housing Authority. The first count is a slip and fall claim against the Housing Authority. In the second count the plaintiff alleges that when her mother contacted the city's 911 operator requesting emergency medical assistance for her daughter, she informed the 911 operator that the ambulance would need to be equipped with special equipment in order to provide services for her daughter, but the operator negligently failed to relay the proper information to the ambulance company to enable it to provide adequate and timely services to the plaintiff.
The city filed an answer and a special defense based on governmental immunity and January 20, 1993, filed a motion for summary judgment, on the ground that the plaintiff failed to name an individual employee of the city in order to invoke the indemnity provisions of General Statutes 7-465. The plaintiff filed a memorandum of law in opposition to the city's motion, claiming, inter alia, that further discovery in this matter was likely to reveal the specific name of the employee involved, which would entitle the plaintiff to file an amended complaint.
The motion for summary judgment was scheduled before this court on February 8, 1393, when it was continued in order to allow the plaintiff to file an interrogatory seeking the identity of the 911 operator from the city.
After an earlier attempt to amend the complaint, on April 1, 1993, the plaintiff filed a motion to cite in the operator, CT Page 7339 Thomas Raines pursuant to Practice Book 98 et seq., accompanied by a proposed three count amended complaint in which she added allegations of negligence against Raines and a count seeking indemnification from the city for the acts of its employee, Raines, pursuant to General Statutes 7-465.
On April 2, 1993, the city filed its objection to the plaintiff's motion claiming that the applicable statutes of limitations, General Statutes 52-584, bars the plaintiff's action against Raines.
The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. General Statutes 52-102,52-107, 52-108; Practice Book, 35, 99, 100; Lettieri v. American Savings Bank, 182 Conn. 1, 13, (1980). In the exercise of that discretion, the trial court might reasonably take into account the timeliness of the filing of the application, the possibility of prejudice to other parties, and whether the presence of the additional party will enable the court to make a complete determination of the issues. A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14, (1989).
A claim that an action is barred by the running of the statute of limitations must ordinarily be pleaded as a special defense. Practice Book 164; Forbes v. Ballaro, 31 Conn. App. 235,239 (1993); Orticelli v. Powers, 197 Conn. 9, 15-16 (1985). Where a right of action exists independently of the statute in which the limitation is found, as in this case, such a statute is considered personal and procedural and it is deemed waived unless it is specially pleaded. Orticeli v. Powers, supra, 15.
We conclude that the statute of limitations claim is not a proper ground on which a defendant may base its objection to the motion to cite in an additional party.
Defendant has argued that its objection is supported by the ruling in Kaye v. Manchester, 20 Conn. App. 437 (1990) which affirmed the granting of a summary judgment based on the running of a statute of limitations in a case involving a Sec. 7-465
claim. We are not presently persuaded that the facts and pleading history of the instant action are so similar to those in Kaye v. Manchester, so as to consider that ruling as determinative in the pending summary judgment motion, but the parties, if they so desire now have an opportunity to reclaim CT Page 7340 that motion for argument and decision. In any event Kaye v. Manchester has no bearing on this motion to cite in.
Motion to cite in and to file amended complaint granted.
Wagner, J.